GUNTHER KOOPMAN V. THOMAS CARROLL ET AL.

FILED MARCH 3, 1897.   No. 7122.

1. **Ejectment: SUFFICIENCY OF ANSWER.** The averments of an answer attacked by general demurrer considered and *held* sufficient to show the existence and probate of a will through which defendant claimed title.

2. **Executors and Administrators: POWERS: SALES OF LAND.** The holding of this court with reference to the power of an administrator, with the will annexed, to convey real property in accordance with powers given by such will, stated in *Schroeder v. Wilcox*, 39 Neb., 136, adhered to.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Affirmed.*

The facts are stated by the commissioner.

*Harwood, Ames & Pettis* and *John A. Casto*, for plaintiff in error:

If the alleged will is not a will, either because it contains no apt words of bequest, or because it is not executed in the manner provided by our statute, the foreign probate does not supply or dispense with those requisites. (*Lynch v. Miller*, 54 Ia., 516; *Loving v. Pairo*, 10 Ia., 282;

*Bailey v. Bailey,* 8 O., 239; *Mecse v. Keefe,* 10 O., 362; *Jones v. Robinson,* 17 O. St., 171; *Nelson v. Potter,* 50 N. J. Law, 324.)

The proceedings cannot be sustained unless the record affirmatively shows the jurisdictional facts, and in the absence of such showing the proceedings may be collaterally attacked. (*Gibbs v. Shaw,* 17 Wis., 197; *Dakin v. Hudson,* 6 Cow. [N. Y.], 221.)

The statutory provision that the administrator with the will annexed shall have and exercise all the power, authority, trusts, and obligations of the executor does not confer upon the administrator the power to sell real estate, even when that power is contained in the will, and conferred upon an executor by that instrument. (*Bennett v. Chapin,* 77 Mich., 526; *Conklin v. Egerton,* 21 Wend. [N. Y.], 430; *Tainter v. Clark,* 13 Met. [Mass.], 220; *Patton v. Randall,* 1 J. & W. [Eng.], 189; *Drayton v. Drayton,* 1 Desau's Eq. [S. Car.], 557; *Bentham v. Wiltshire,* 4 Mad. [Eng.], 44; *Houck v. Houck,* 5 Pa. St., 273; *Tippett v. Mize,* 30 Tex., 364; *In re Estate of Durham,* 49 Cal., 490; *Bell's Appeal,* 66 Pa. St., 498.)

*Tibbets, Morey & Ferris, contra:*

A will proved in a foreign country will be presumed to have been executed according to the laws thereof. The only question our courts could try would be whether such will was proved according to the laws of such foreign state. (*Goldtree v. McAllister,* 24 Pac. Rep. [Cal.], 801.)

The will, if executed according to the laws of the domicile of the testator and place where executed, will, after having been probated in this state, have the same force and effect as though executed according to the laws of this state. (*Bowen v. Johnson,* 73 Am. Dec. [R. I.], 53; *Succession of Gaines,* 14 So. Rep. [La.], 233; *Babcock v. Collins,* 61 N. W. Rep. [Minn.], 1020.)

References to question of jurisdiction: *Clow v. Plummer,* 48 N. W. Rep. [Mich.], 795; *Culbertson v. Witbeck,* 127 U. S., 327.

The judgment of a probate court, where it has jurisdiction, finding a will valid and admitting it to probate is final and conclusive, unless reversed or modified in some of the modes prescribed by law. (*Kirk v. Bowling*, 20 Neb., 263; *Brown v. Burdick*, 25 O. St., 260; *Schell v. Husenstine*, 15 Neb., 9; *Yeatman v. Yeatman*, 35 Neb., 422.)

The will, under the statutes, gives the administrator with the will annexed power to sell real estate. (*Schroeder v. Wilcox*, 39 Neb., 136.)

*M. A. Hartigan*, also for defendants in error.

RYAN, C.

Plaintiff in error began this action of ejectment in the district court of Adams county. The defendants in error answered specially pleading title through *mesne* conveyances from August Ludwig Koopman, who had purchased at an auction sale made by William Steinhaus, administrator with the will annexed of the estate of Julius Koopman, through which testator both parties claim title. It was alleged in the answer that on February 16, 1879, the said Julius Koopman departed this life, leaving several heirs named; that at the time of his death, which occurred in Germany, he was seized in fee-simple of the land in controversy, situated in Adams county. The third paragraph of the answer was in this language: "That the said Julius Koopman left a last will and testament; that the same was duly probated in the proper court of Germany, and on the 6th day of October, 1879, the said last will was probated in the county court of Adams county, state of Nebraska; that William Steinhaus was appointed administrator with the will annexed of said estate, and gave bond in the penal sum of two thousand dollars ($2,000) as such administrator. The following is a copy of the said will and proceeding relative to the probating of the same, and the bond of said administrator," etc. Following the above averments of the answer, there was set out a copy of what

appears to be the minutes of a court in Germany, showing the deposit therein of the will of Julius Koopman, and certain proceedings afterward had.   One of these minutes, under date of July 5, 1876, was as follows: "Of his free will appeared the proprietor, Julius Koopman, from U. S. of A., now at Donnerschuer, and asked leave to deposit his last will in writing.   As there appeared nothing against, it was granted.   After which the applicant declared: 'As my heirs I proclaim,'" etc.   In this instrument there were four sections, of which all the language was in the first person, singular.   It was signed by Julius Koopman and by two other parties, as well as by the clerk of the court.   On the 5th day of July, 1879, the minutes of the same court recite that the widow of Julius Koopman appeared and asked for publication of the last will and testament of her deceased husband, and that her request was granted.   It is then recited that "the last will on record in this court under No. 103, A. D. 1876, taken from the document safe, read before the above named widow Koopman, and published at the same time. The applicant asked for a copy, the reading of which was waived."   Following the above quoted language there were the minutes made when the will was deposited and the instrument above described as having been signed by Julius Koopman, followed by a certificate of translation. By the copy of what we take to be the will, for reasons hereinafter stated, it was provided that all the personal and real property of the testator in the United States should be sold at public auction after his death.   As already indicated, the answer showed the defendants' title to have been derived through such a sale.   There was a general demurrer to the answer, which was overruled, and plaintiff excepted.   This was followed by a judgment in favor of the defendants.

It is contended that the language of the German court record shows that the testator did not file a written will, but that he made some oral declarations only, as indicated by the use of the word "declared."   The demurrer

admitted the truth of each averment of the answer, and one of these was that the will was duly probated in Germany. The word "declared" we take to mean "exhibited" or "published," and this we are strongly influenced to assume, not only because Webster gives these as equivalents of the word, but because there follows immediately what appears to be a written instrument in the first person, singular, signed by Julius Koopman and two other persons, presumably as witnesses. As the answer alleged that the will was probated in the county court of Adams county, that fact must be accepted as true, and we do not feel called upon to make the assumption that this act of the court having jurisdiction was irregular or defective.

The effect which should be accorded the execution of the power to sell land by an administrator with the will annexed was discussed in *Schroeder v. Wilcox*, 39 Neb., 136, and need not be repeated. The judgment of the district court is

AFFIRMED.